By the Court.

Executors and administrators are authorized by statute to come in and prosecute or defend actions which survive the death of the party ; because, acting era autre droit, they maintain the rights of their testator or intestate. But no statute authorizes heirs to prosecute or defend, in a writ, or on a petition for partition, the suit commenced by or against their ancestor. When the ancestor dies seised, and on his death the heir enters, he becomes seised in his own demesne, and does not claim to hold the land in the right of anot ter.
In this petition, the petitioner claims to hold the land in common with Daniel Smith and Benjamin Staples; and it is very clear that, at common law, the rights of no other persons can be put in issue. In a real action against the tenants as joint disseisors, on the death of one of the tenants, the demandant may prosecute against the survivor, for the same seisin and disseisin are in issue between the parties on record. By the English statute of 8 and 9 Will. 3, c. 31 *431 the death of one of the tenants shall not abate a writ of partition. We have no such statute, and the petitioner cannot further prosecute his suit.
Bartlett and Emery for the petitioner.
Mellen and King for the respondents.
Whereupon the petitioner moved for leave to discontinue his petition, suggesting the death of Benjamin Staples since the filing of the petition as the ground of his motion. (a)

Leave to discontinue.

 Mitchell & Al. vs. Starbuck & Al. 10 Mass. Rep. 5. But by the statute of 1822, c. 71, § 1, it is provided that the process shall not abate by the death of any person other than a sole petitioner interested in the estate of which partition is prayed ; and if any person so interested shall die before judgment, the legal representatives of such person may be admitted as parties to the proceedings.